IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEMANTIC COMPACTION SYSTEMS, INC. and PRENTKE ROMICH COMPANY, an Ohio corporation, | ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| SPEAK FOR YOURSELF LLC; RENEE COLLENDER, an individual; and HEIDI LOSTRACCO, an individual, | ) ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Semantic Compaction Systems, Inc. ("Semantic") and Prentke Romich Company ("PRC") (collectively "Plaintiffs"), by their undersigned counsel, respectfully set forth their Complaint against Defendants Speak for Yourself LLC ("SFY"), Renee Collender ("Collender") and Heidi LoStracco ("LoStracco") (collectively "Defendants"), stating as follows:

## INTRODUCTION

1.      This case arises from Defendants' wrongful and knowing efforts to usurp and infringe upon the rights and interests of Plaintiffs in Semantic's patented technology for dynamic keyboards and methods for dynamically redefining keys on a keyboard in the context of Augmentative and Alternative Communication ("AAC") systems.  Defendants learned of Plaintiffs' product and patents while, *inter alia*, attending various seminars hosted by Semantic and PRC.  In or around August 2011, Defendants determined to directly compete with Plaintiffs and began to develop an iPad® application that, when used on an iPad®, infringes on the Plaintiffs' patented technology.  Defendants' wrongful actions have included contributory and/or

induced patent infringement, as well as direct patent infringement by Collender and/or LoStracco. As a result of Defendants' wrongful acts, Plaintiffs have suffered and will continue to suffer irreparable harm and, in addition to any calculable damages, are therefore entitled to injunctive relief to prevent Defendants from further benefiting from their wanton misconduct.

## THE PARTIES

2.     Semantic is a corporation incorporated under the laws of Pennsylvania, with its principal place of business at 1000 Killarney Drive, Pittsburgh, Pennsylvania 15234.

3.     PRC is a corporation incorporated under the laws of Ohio, with its principal place of business at 1022 Heyl Road, Wooster, Ohio 44691.

4.     SFY is a limited liability company duly existing and organized under the laws of New Jersey, with its principal place of business at 37 Heron Pointe Court, Marlton, New Jersey 08053.

5.     Collender is an adult individual residing at 37 Heron Pointe Court, Marlton, New Jersey 08053, and is a member of SFY.

6.     LoStracco is an adult individual residing at 3270 Claridge Road, Bensalem, Pennsylvania 19020, and is a member of SFY.[1]

## JURISDICTION AND VENUE

7.     This court has original jurisdiction over this action based upon 28 U.S.C. § 1338.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claim occurred in this District.

## FACTUAL ALLEGATIONS

9.     As set forth more fully herein, Plaintiffs seek to recover damages from

---

[1] Upon information and belief, Collender and LoStracco are the only members of SFY.

Defendants and injunctive relief for indirect and direct patent infringement under the Patent Act, 35 U.S.C. §§ 281, *et seq.*

**PLAINTIFFS' PROTECTION OF
THEIR INTELLECTUAL PROPERTY**

10.     Semantic is in the business of, among other things, developing AAC programs that code vocabulary using multi-meaning icons in short sequences with rule-driven patterns to aid individuals who have difficulty communicating with speech or hand signs.

11.     Semantic is the owner of United States Patent No. 5,748,177 (the "'177 Patent"), issued on June 7, 1995. A true and correct copy of the '177 Patent is attached hereto as Exhibit "A."

12.     A divisional application of the '177 Patent was filed on December 15, 1997, which eventually issued into United States Patent No. 5,920,303, which is also owned by Semantic (the "'303 Patent") (the '177 Patent and '303 Patent are collectively referred to as the "Semantic Patents"). A true and correct copy of the '303 Patent is attached hereto as Exhibit "B."

13.     In addition, Semantic is the owner of several registered trademarks, including but not limited to Minspeak® and Pixons®, as well as copyrights relating to the technology associated with the Semantic Patents.

14.     PRC is the exclusive licensee of the Semantic Patents and other Semantic intellectual property in respect to products and services relating to, *inter alia*, AAC communication, pursuant to an exclusive license agreement dated October 1, 2006 (the "License Agreement"). A true and correct copy of the License Agreement is attached hereto as Exhibit "C." Specifically, the License Agreement relates to "products (including hardware, software, printed materials, and related items) designed to facilitate the communications of non-speaking

persons and to aid other disabled persons whose communications and/or day-to-day functioning may be aided by products based upon [systems utilizing the licensed intellectual property, products and services], and ... customer support services directly related to such products."

      15.    On January 11, 2012, Plaintiffs entered into, *inter alia*, an extension agreement (the "Extension Agreement") which extended the terms and conditions of the License Agreement to September 30, 2016. A true and correct copy of the Extension Agreement is attached hereto as Exhibit "D."

      16.    The abstract of the Semantic Patents generally describes the technology at issue as follows:

> A dynamic keyboard includes a plurality of keys, each with an associated symbol, which are dynamically redefinable to provide access to higher level keyboards. Based on sequenced symbols of keys sequentially activated, certain dynamic categories and subcategories can be accessed and keys corresponding thereto dynamically redefined. Dynamically redefined keys can include embellished symbols and/or newly displayed symbols. These dynamically redefined keys can then provide the user with the ability to easily access both core and fringe vocabulary words in a speech synthesis system.

(See Exs. A and B at 1.)

## INFRINGEMENT ON PLAINTIFFS' SEMANTIC PATENTS

      17.    In or around August 2011, Defendants began developing for global distribution an iPad® application that fundamentally infringes upon on one or more claims in the Semantic Patents. Prior to that time, Defendants had knowledge of the Semantic Patents and other of Semantic's and PRC's intellectual property rights relating to AAC communications.

      18.    Defendants' "Speak for Yourself" application (the "Application") is specifically developed and formatted for distribution through the iTunes® online store owned by Apple Inc. ("Apple") and for use on Apple's iPad® tablet products.

- 4 -

19.    In or around December 2011, Defendants began offering the Application for sale on iTunes®.

20.    On January 13, 2012, counsel for Plaintiffs delivered a cease and desist letter (the "Infringement Letter"), to Defendants.    The Infringement Letter informed Defendants of the Semantic Patents and that Defendants' ongoing and continuous offering for sale of the Application was facilitating infringement of the various claims in those patents.    A true and correct copy of the Infringement Letter is attached hereto as Exhibit "E."

21.    Despite Defendants' acknowledged receipt of the Infringement Letter and understanding of the Semantic Patents, they continue to facilitate the proliferation of the Application on a global scale.

22.    The Application offered for sale by Defendants is substantially similar to the AAC methods and processes patented by Plaintiffs and, when implemented and used by a customer on an iPad®, infringes on Plaintiffs' patents because it implements one or more of the apparatus and method claims in the Semantic Patents.

23.    Upon information and belief, despite their knowledge of the Semantic Patents and the specific apparatus and method claims in those patents, Defendants have sold and continue to sell numerous units of the Application to customers or end-users throughout the United States by way of the iTunes® store, and Defendants have instructed these customers and end-users on how to use their Application in a manner that directly infringes the Semantic Patents.

24.    Upon information and belief, Defendants regularly promote and market the Application on their website, www.speakforyourselfllc.org (last visited Feb. 24, 2012), where they (1) provide a direct link to the iTunes® store where customers can purchase the Application; (2) explain how to use the Application on the iPad®; (3) supply answers to

frequently asked questions; (4) provide commentary, reviews and testimonials of customers who have purchased the Application; and (5) demonstrate the functions of the Application on detailed YouTube® videos.

25.    Upon information and belief, Collender and/or LoStracco used the Application on an iPad® between December 2011 and January 2012.

26.    Upon information and belief, Collender and/or LoStracco appears on one or more YouTube videos wherein they demonstrate to viewers, customers and end-users how to use the Application on an iPad® tablet.    (See, e.g., Posting of speakforyourselfapp to http://www.youtube.com/watch?v=VpafqM1kiNo&feature=email (Dec. 22, 2011) (1,202 views) (last visited Feb. 26, 2012); Posting of speakforyourselfapp to http://www.youtube.com/watch?v=cwvAnhYHO3c (Jan. 9, 2012) (225 views) (last visited Feb. 24, 2012).)

27.    Defendants make several statements on their website regarding the functionality of the Application, including the following: "The main screen of *Speak for Yourself* is comprised of 119 . . . core words.  Each of the main screen buttons links to additional related core words and personalized, programmable vocabulary."

28.    Upon information and belief, Defendants also maintain an extensive Facebook— page,  http://www.facebook.com/pages/Speak-for-Yourself/306312252737397 (last visited Feb. 24, 2012), that contains (1) direct links to the iTunes® store where customers can purchase the Application; (2) wall posts of customer reviews and commentary regarding their use of the Application; (3) photographs and video recordings depicting customers using the Application; and (4) posts by Defendants promoting and marketing the Application's ability to "say any individual word" with "no more than 2 touches."

- 6 -

29.    Upon information and belief, Defendants maintain a Twitter® account, http://twitter.com/speak4AAC (last visited Feb. 24, 2012), where they post numerous messages to consumers touting, *inter alia*, the Application's "119 core words" on the initial keyboard display and the Application's success with purchasers.

30.    By their actions, Defendants have directly and/or contributorily infringed, and/or actively induced infringement of, the Semantic Patents in the United States by making, using, offering to sell, or selling the Application to third-party end users, with actual knowledge of the Semantic Patents, and with the specific intent to induce end users to directly infringe the Semantic Patents.

<u>COUNT I</u>

<u>CONTRIBUTORY PATENT INFRINGEMENT</u>

<u>ALL DEFENDANTS</u>

31.    Paragraphs 1 through 30 of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

32.    The Semantic Patents disclose and claim innovative and valuable inventions relating generally to a dynamic keyboard and a method for dynamically redefining keys on a keyboard.

33.    SFY, as well as Collender and LoStracco acting in their individual capacities, have contributorily infringed, and are contributorily infringing the Semantic Patents in the United States by at least making, using, offering to sell, selling, causing to be made, causing to be used, causing to be offered for sale, and/or causing to be sold, the Application via Apple's iTunes® store for use on Apple's suite of iPad® tablets.

34.     The keyboards and overlays of the Application constitute a material part of the inventions outlined in the Semantic Patents and, when implemented and used by a customer or end-user on an iPad®, directly infringe one or more of the claims of the Semantic Patents.

35.     Defendants' product has been used to commit acts of direct infringement because numerous customers and end-users have purchased and used the Application, as evidenced by postings of written or video-recorded testimonials on Defendants' website and Facebook page regarding their experience using the Application after purchasing the product through Apple's iTunes® store.

36.     Defendants' contributory infringement of the Semantic Patents has taken place with full knowledge of the Semantic Patents, and has been intentional, deliberate and willful, making this an exceptional case entitling Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

37.     Upon information and belief, Defendants knew the Application was especially made or especially adapted for use in an infringement of the Semantic Patents, based upon their acknowledged receipt of the Infringement Letter and their copious statements via multiple electronic mediums touting, at a minimum, the Application's dynamic keyboard and method for dynamically redefining keys on the keyboard.

38.     Further, Defendants are liable for contributory infringement because the Application is not a staple article or commodity of commerce suitable for substantial noninfringing use, based upon the fact that, when the keyboards and overlays of the Application are implemented by the end user in such a manner, they materially and directly infringe the Semantic Patents.

39.    By reason of the foregoing, Plaintiffs have been damaged and will continue to be damaged by, among other items, loss of revenue, and have suffered and will continue to suffer irreparable loss and harm.

**COUNT II**

**INDUCED PATENT INFRINGEMENT**

**ALL DEFENDANTS**

40.    Paragraphs 1 through 39 of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

41.    SFY, as well as Collender and LoStracco acting in their individual capacities, have actively induced infringement, and are actively inducing infringement of the Semantic Patents in the United States by at least making, using, offering to sell, selling, causing to be made, causing to be used, causing to be offered for sale, and/or causing to be sold, the Application via Apple's iTunes® store for use on Apple's suite of iPad® tablets.

42.    The keyboards and overlays of the Application, when implemented and used by a customer or end-user on an iPad®, directly infringe one or more of the claims of the Semantic Patents.

43.    Actual direct infringement has occurred because numerous customers and end-users have purchased and used the Application, as evidenced by postings of written or video-recorded testimonials on Defendants' website and Facebook page regarding their experience using the Application after purchasing the product through Apple's iTunes® store.

44.    Upon information and belief, Defendants' active inducement of others' infringement of the Semantic Patents has taken place with full knowledge of the Semantic Patents, and has been intentional, deliberate and willful, making this an exceptional case entitling

Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

45.    Defendants have acted and continue to act with the specific intent to induce infringement, i.e., with the intent to accomplish third-party customers' and end-users' infringement of the Semantic Patents. Defendants' knowledge of the Semantic Patents and their claims, combined with their continuous and systematic marketing and dissemination of information to customers and end-users regarding the Application's functionality, have resulted in Defendants' intent to accomplish induced infringement of the Semantic Patents.

46.    By reason of the foregoing, Plaintiffs have been damaged and will continue to be damaged by, among other items, loss of revenue, and have suffered and will continue to suffer irreparable loss and harm.

**COUNT III**

**DIRECT PATENT INFRINGEMENT**

**DEFENDANTS COLLENDER and LOSTRACCO**

47.    Paragraphs 1 through 46 of the Complaint are hereby incorporated by reference as though the same were fully set forth herein.

48.    Collender and/or LoStracco, acting in their individual capacities, have directly infringed the Semantic Patents in the United States by at least using and/or causing to be used, the Application via Apple's iTunes® store for use on Apple's suite of iPad® tablets.

49.    The keyboards and overlays of the Application, when implemented and used by Collender and LoStracco on an iPad®, directly infringe one or more of the claims of the Semantic Patents.

50.    Actual direct infringement has occurred because between December 2011 and January 2012, Collender and/or LoStracco used the Application on an iPad®, as evidenced by

their postings of recorded instructional videos on YouTube wherein they demonstrate to third-party viewers, customers, and end-users how to use the Application on an iPad®.

51.    Upon information and belief, Defendants' direct infringement of the Semantic Patents has taken place with full knowledge of the Semantic Patents, and has been intentional, deliberate and willful, making this an exceptional case entitling Plaintiffs to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

52.    By reason of the foregoing, Plaintiffs have been damaged and will continue to be damaged by, among other items, loss of revenue, and have suffered and will continue to suffer irreparable loss and harm.

WHEREFORE, Plaintiffs request that this court grant it equitable and other relief, and enter judgment that:

a.    Defendants are preliminarily and permanently enjoined from directly infringing, contributorily infringing and/or inducing infringement of Plaintiffs' Semantic Patents, pursuant to 35 U.S.C. § 283, by sale and use of the Application;

b.    Defendants are liable to Plaintiffs for their direct infringement, contributing to and/or inducing acts of infringement and be ordered to pay damages pursuant to 35 U.S.C. § 284 as a result of infringement of Plaintiffs' Semantic Patents, and all damages suffered by Plaintiffs as a result of the infringement;

c.    This case is exceptional under 35 U.S.C. § 285 and, as such, that Defendants must pay treble damages and the expense and costs incurred by Plaintiffs, including reasonable attorneys' fees;

d.    Plaintiffs are awarded their costs and prejudgment interest on all damages pursuant to 35 U.S.C. § 284; and

e.    Plaintiffs are awarded such further relief as the court may deem appropriate.

Respectfully submitted,

Date: February 28, 2012                MEYER, UNKOVIC & SCOTT LLP

By: /s/ David G. Oberdick
David G. Oberdick
Pa. I.D. 47648

Patricia L. Dodge
Pa. I.D. 35393

Nicholas J. Bell
Pa. I.D. 307782

Meyer, Unkovic & Scott LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA  15222
(412) 456-2800

ATTORNEYS FOR PLAINTIFFS