IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEMANTIC COMPACTION SYSTEMS, )
 INC., et al. )
 )
 Plaintiffs, )
 )
 v. ) Civil Action No. 12-0248
 )
SPEAK FOR YOURSELF LLC, )
 et al. )
 )
 Defendants. )

MEMORANDUM

Gary L. Lancaster,                                          July 13, 2012
Chief Judge

This is an action in patent, copyright, and trade dress infringement. Plaintiff, Semantic Compaction Systems, Inc. ("Semantic") accuses defendants Speak for Yourself LLC, and its members Renee Collender and Heidi Lostracco (collectively "SFY") of selling an iPad Application (the "App") that infringes upon its intellectual property. Semantic seeks monetary damages and injunctive relief. [doc. no. 21]. SFY denies all allegations, and has filed a motion for a temporary restraining order. [doc. no. 14].

Although SFY's motion was terminated due to the filing of amended pleadings, the Court invited the parties to brief the potentially dispositive issue of irreparable harm. [doc. no. 22]. The parties have made their submissions [doc. nos. 24 and

26] and based thereon, the Court finds that preliminary injunctive relief is inappropriate in this case based on the law, the facts, and the inability of any order from this Court to remedy the alleged irreparable harm being suffered by SFY. As such, the Court will not entertain further motions for emergency or preliminary injunctive relief.

I.  FACTUAL BACKGROUND

Semantic originally filed its complaint in this action in February of 2012 and accused SFY of infringing two of its patents in the field of Augmentative and Alternative Communication systems, in short, keyboards used to allow non-speaking users to "say" words by using computers or electronic devices. [doc. no. 1]. SFY sells an App, for use only on the Apple iPad, that performs the same basic function. Within weeks of filing its Complaint, Semantic notified Apple, Inc. ("Apple") of this litigation and requested that SFY's App be removed from the iTunes App Store.[1] [doc. no. 14-4]. In turn, Apple contacted SFY and requested a substantive response from SFY. [doc. no. 14-4]. In doing so, Apple reiterated to SFY that "[u]nder the terms of agreement [sic], Apple may remove your application from the App Store at any time." Id. SFY's response to Apple denied

---
[1] Notably, at the time Semantic sent its notice of IP rights to Apple, this case consisted only of allegations related to patent infringement. Semantic has now alleged in amended pleadings that SFY also infringes its copyrights and trade dress.

2

the patent infringement allegations. [doc. no. 14-5]. However, Apple eventually notified SFY that "[w]e have removed your application from the App Store." [doc. no. 14-2]. In doing so, Apple noted its "…regret that the dispute regarding [the App] could not be resolved amicably between the parties." Id.

Although SFY took no action in this Court when Semantic asked Apple to remove the App in March of 2012, Apple's removal of the App from the iTunes App Store in June incited a firestorm of filings in this court. First, SFY filed the above-referenced motion for a temporary restraining order and at the same time amended its answer and counterclaims to add claims for intentional interference with contract and prospective contract. [doc. nos. 14 and 15]. After the Court held an emergency telephonic conference, Semantic filed both a motion to dismiss SFY's amended answer and counterclaims and a motion for leave to file its own amended complaint. [doc. nos. 17 and 19]. The Court granted Semantic leave to file an amended complaint, which added claims against SFY for copyright and trade dress infringement. [doc. no. 21]. The Court held the Rule 16.1 Initial Scheduling Conference immediately following those filings. [doc. no. 22].

At the conference, Semantic's motion to dismiss SFY's amended answer and counterclaims and SFY's motion for emergency injunctive relief were terminated as moot based on the amendment of all pleadings in the case. [doc. no. 22]. However, because SFY stated its intention to file another motion for preliminary injunctive relief, and because the Court considered the issue of irreparable harm to be possibly dispositive of any future request by SFY for preliminary injunctive relief, we invited the parties to brief that limited issue. [doc. nos. 24 and 26].

II. LEGAL AUTHORITY

A preliminary injunction is an extraordinary remedy that falls within the discretion of the district court. P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d. Cir. 2005) (citing Nutrasweet Co. V. Vit-Mar Enterprises, 176 F.3d 151, 153 (3d Cir. 1999)); Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer, 290 F.3d 578 (3d Cir. 2002) (citing Sandoz Pharm. Corp. v. Richardson-Vicks, Inc., 902 F.2d 222, 226 (3d Cir. 1990) and Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989)). Failure to demonstrate irreparable harm is fatal to a motion for preliminary injunctive relief. Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir.

2010); Instant Air Freight, 882 F.2d at 800; In re Arthur Treacher's Franchisee Litigation, 689 F.2d 1137 (3d Cir. 1982).

III. DISCUSSION

In its brief, SFY contends that total loss and destruction of a business constitutes irreparable harm. [doc. no. 26]. However, SFY cites to no controlling authority that so holds. Instead, numerous controlling authorities hold that where the injury suffered is a loss of money, irreparable harm cannot be demonstrated. See e.g., Aciero v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994).

Moreover, the only evidence SFY relies upon to factually establish irreparable harm is the declaration of Heidi LoStracco, in which she states that "[i]f the App is not immediately restored to the iTunes App store, SFY's business, which is solely related to selling, upgrading and supporting the App, will be irreparably harmed. SFY's reputation and goodwill among the relevant community will be irreparably destroyed; SFY will lose substantial customers and potential customers; and the value of SFY's App will be irretrievably lost." [doc. no. 14-1 at ¶ 22]. These statements are conclusory and unsupported. Notably, the declaration does not even assert, as is argued in SFY's briefing, that there has been a "total shutdown of the SFY

business since June 4, 2012" or a "complete destruction of business…"  [doc. no. 26 at p. 4].

However, these factual and legal deficiencies are not the only factors that are fatal to SFY's position.  Instead, SFY cannot obtain preliminary injunctive relief because any order entered by this Court would be ineffective and futile.  The only remedy that would provide SFY with the outcome it desires and halt the irreparable harm it is allegedly suffering is the reinstatement of the App on Apple's iTunes App Store.  This Court does not have the power to afford SFY that remedy.  Apple is not a party to this litigation.

SFY explicitly acknowledges this fact, and attempts to side-step the issue by stating that "Defendants do not seek a global solution from this Court…" but simply seek an order requiring that Semantic "rescind their demand that Apple withdraw the SFY App." [doc. no. 26 at pp. 5-6].  However, such an order would be entirely illusory and academic because there is no dispute that Apple would be under no obligation to re-post the App even if Semantic made a court-ordered rescission of its prior request.  The Court has no power to cause the App to reappear in the iTunes App Store.

6

As such, there is simply no relief that the Court could compel that would resolve SFY's current dilemma. Therefore, SFY's continued pursuit of preliminary injunctive relief would be futile, ineffective, and a waste of judicial resources. Consequently, in the exercise of our discretion, we will not entertain any further motions for preliminary injunction relief.[2]

IV. <u>CONCLUSION</u>

Because SFY has failed to identify any legal authority requiring that we issue preliminary injunctive relief in its favor, or to provide sufficient facts to establish that it is suffering irreparable harm, we will not entertain further motions for such relief in this case. In addition, even if SFY had made, or could make, such showings, we would nevertheless refused to entertain future motions for preliminary injunctive relief because any order entered by this Court would be ineffective to remedy SFY's alleged irreparable harms, were we to find that they exist.

---

[2] The Court acknowledges receipt of a letter dated July 13, 2012 from the Public Patent Foundation of Benjamin N. Cardozo School of Law expressing the intent of three users of the App to seek to intervene in this case. No such motion has been filed. Regardless, even if it were pending, it would have no effect on the Court's analysis of the irreparable harm factor as any preliminary injunctive relief granted by this Court on behalf of the users would remain equally ineffective and futile for the same reasons previously stated.

7

As no motion is pending regarding this matter, no order will be filed contemporaneously with this opinion and this opinion shall be the ruling of the Court.

BY THE COURT,

_____ C.J.